FILED

JUL 0 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| SHERMAN BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-50130 |
| v. | ) | |
| | ) | Jury Trial Demanded |
| MATHEWS COMPANY, | ) | |
| | ) | Judge Kapala |
| Defendant. | ) | |
| | ) | |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, SHERMAN BLAIR, by and through his attorneys, Zanck, Coen & Wright, P.C., complaining of the Defendant, MATHEWS COMPANY, states as follows:

### JURISDICTION

1. This Complaint contains three (3) counts. Each count arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 (federal question jurisdiction and civil rights action).

2. Venue for Plaintiff's action is proper in the Northern District of Illinois.

### PARTIES

3. The Plaintiff, SHERMAN BLAIR, is a citizen of the United States and a resident of the City of Woodstock, County of McHenry, State of Illinois.

4. The Defendant, MATHEWS COMPANY, is a Delaware corporation authorized to do business in the State of Illinois and is doing business at 500 Industrial Avenue, in the City of Crystal Lake, County of McHenry, State of Illinois.

### FACTS AND PROCEDURAL BACKGROUND

5. Plaintiff was employed by Defendant from July 2003 until January 5, 2004, as a painter.

6. At all relevant times, Plaintiff was the only black, African American, person working

1

for Defendant.

7. At all relevant times, Defendant was Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII").

8. At all relevant times, Plaintiff was performing his job in a satisfactory manner.

9. On or about October 2003, while at work, Plaintiff observed the words "Hang the niggers" written in the men's bathroom on one of the bathroom stalls.

10. Plaintiff was upset and offended by the racial slur and reported the racial slur to Defendant.

11. Plaintiff was told by Defendant's Plant Superintendent, Dean Kirk, that the company would find out who was responsible for the racial slur and that they would be fired.

12. Defendant did not report the findings of its investigation to Plaintiff.

13. Also in October 2003, Plaintiff was subjected to race-based comments by his supervisor, Jim Sturgill, which Plaintiff found offensive. Sturgill referred to Plaintiff as "colored"; told Plaintiff "you colored guys aren't like that - - you pack a lot, don't you"; and told Plaintiff "You're not like the other colored guys we know, you work hard."

14. On or about December 2003, Defendant's plant closed for its annual winter shut down, a time during which none of the plant employees work until after the New Year.

15. Prior to Plaintiff's last day of work before the winter break, Plaintiff was assured that he would return to work for Defendant after the winter break. Plaintiff was told to call Defendant on January 5, 2004.

16. Plaintiff called Defendant on January 5, 2004, and was told that he was no longer needed and not to come back to work.

17. Defendant recalled other non-black, non-African American employees after the winter

shut down to perform Plaintiff's duties.

18. On June 1, 2004, Plaintiff filed a Charge of Discrimination against the Defendant with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, alleging retaliation, harassment, and discrimination. (A copy of said Charge of Discrimination is attached hereto as Exhibit "A").

19. On April 15, 2008, the EEOC issued its Notice of Right to Sue (Conciliation Failure) authorizing Plaintiff's institution of an independent cause of action. (A copy of said "Notice of Right to Sue (Conciliation Failure)" is attached hereto as Exhibit "B").

## COUNT I

### RETALIATION

20-38. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 of this Complaint.

39. Title VII guarantees Plaintiff the right to be free from acts of reprisal and retaliation for opposing discriminatory practices. 42 U.S.C. § 2000e-3.

40. Plaintiff engaged in a statutorily protected activity when he reported and opposed the racial slur written in the men's bathroom to Defendant.

41. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment by not calling him back to work after the winter break.

42. Defendant's acts in terminating Plaintiff's employment constitute retaliation in violation of Title VII.

43. As a result of Defendant's acts, Plaintiff has suffered and continues to suffer damages of a personal and pecuniary nature.

44. Defendant's acts in terminating Plaintiff's employment were intentional and were otherwise committed with reckless indifference of Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff, SHERMAN BLAIR, prays this Honorable Court enter judgment in his favor and against the Defendant, MATHEWS COMPANY, and award the following relief :

a) Declare the acts described above constitute retaliation in violation of Title VII;

b) Award Plaintiff lost wages and other benefits appurtenant to his employment, past and future;

c) Reinstate Plaintiff's employment or alternatively an award of front pay if it is determined that reinstatement is not possible;

d) Compensatory damages in excess of $100,000;

e) Attorney's fees and costs incurred by Plaintiff;

f) Punitive damages in the maximum amount permitted by law; and

g) For such other and further relief available at law and as this Court deems just, equitable and proper.

## COUNT II

### RACIAL HARASSMENT

45-63. Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 19 of this Complaint.

64. Title VII guarantees Plaintiff the right to be free from race-based harassment in employment. 42 U.S.C. 2000e-2(a)(1).

65. The acts and omissions of Defendant created a hostile and offensive work environment in which Plaintiff was required to work.

66. Defendant had knowledge of the racial harassment, yet failed to take action to prevent

the harassment.

67. As a result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer damages of a personal and pecuniary nature.

68. Defendant's acts and omissions were intentional and were otherwise committed with reckless indifference of Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff, SHERMAN BLAIR, prays this Honorable Court enter judgment in his favor and against the Defendant, MATHEWS COMPANY, and award the following relief:

a)  Declare the acts described above constitute harassment in violation of Title VII;

b)  Award Plaintiff lost wages and other benefits appurtenant to his employment, past and future;

c)  Reinstate Plaintiff's employment or alternatively an award of front pay if it is determined that reinstatement is not possible;

d)  Compensatory damages in excess of $100,000;

e)  Attorney's fees and costs incurred by Plaintiff;

f)  Punitive damages in the maximum amount permitted by law; and

g)  For such other and further relief available at law and as this Court deems just, equitable and proper.

## COUNT III

### RACE/COLOR DISCRIMINATION

69-87. Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 19 of this Complaint.

88. Title VII guarantees Plaintiff the right to be free from discrimination based on race or color in his employment. 42 U.S.C. 2000e-2(a)(1).

89. Defendant's acts in terminating Plaintiff's employment constitute race and/or color discrimination against Plaintiff in the terms, conditions and privileges of his employment.

90. As a result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer damages of a personal and pecuniary nature.

91. Defendant's acts and omissions were intentional and were otherwise committed with reckless indifference of Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff, SHERMAN BLAIR, prays this Honorable Court enter judgment in his favor and against the Defendant, MATHEWS COMPANY, and award the following relief:

- a) Declare the acts described above constitute discrimination in violation of Title VII;
- b) Award Plaintiff lost wages and other benefits appurtenant to his employment, past and future;
- c) Reinstate Plaintiff's employment or alternatively an award of front pay if it is determined that reinstatement is not possible;
- d) Compensatory damages in excess of $100,000;
- e) Attorney's fees and costs incurred by Plaintiff;
- f) Punitive damages in the maximum amount permitted by law; and
- g) For such other and further relief available at law and as this Court deems just, equitable and proper.

Respectfully submitted,

ZANCK, COEN & WRIGHT, P.C.
Attorneys for Plaintiff


By:     s/ Patrick D. Coen

Patrick D. Coen
Tamara A. Marshall
Robin L. Perry
ZANCK, COEN & WRIGHT, P.C.
40 Brink Street
Crystal Lake, IL 60014
(815) 459-8800

STATE OF ILLINOIS　　　)
　　　　　　　　　　　　)
COUNTY OF MCHENRY　)

## VERIFICATION

I, SHERMAN BLAIR, hereby state that I have read the foregoing Complaint and that the same is true and correct to the best of my knowledge and belief.

　　　　　　　　　　　　　　　　　　　　*Sherman Blair*
　　　　　　　　　　　　　　　　　　　　Sherman Blair

SUBSCRIBED AND SWORN TO

before me this 2ND day of July, 2008.

*Linda K Kuziel*
Notary Public

OFFICIAL SEAL
LINDA K KUZIEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/11

# EXHIBIT A

COPY
04M060.04

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before Completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA | 2004CF3907 |
| [X] EEOC | |

Illinois Department of Human Rights and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Sherman Blair | (815) 788-1903 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 123 Ellsworth | Crystal Lake, IL 60014 | 8/11/73 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Mathews Company | 15+ | (815) 459-2210 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 500 Industrial Ave. P.O. Box 70 | Crystal Lake, IL 60039-0070 | McHenry |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es))*

[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [X] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
                      1/5/04
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

See Attached Charge of Discrimination.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

JUN 0 1 2004

RECEIVED
BY ___

**EXHIBIT A**

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY (when necessary for State and Local Requirements)
Cynthia Neumann
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT
x Sherman Blair
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)  5/25/04

"OFFICIAL SEAL"
CYNTHIA NEUMANN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/14/2004

EEOC FORM 5 (5/98)



### BEFORE THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS AND EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

SHERMAN BLAIR,            )
                          )
      Complainant,    )
                          )     Charge No.
v.                        )
                          )
MATHEWS COMPANY,          )
                          )
      Respondent.      )
                          )

### CHARGE OF DISCRIMINATION

NOW COMES the Complainant, SHERMAN BLAIR, by and through his attorneys, Militello, Zanck & Coen, P.C., complaining of the Respondent, MATHEWS COMPANY, and for his Charge of Discrimination against the Respondent, states and affirms as follows:

I.    A.    ISSUE/BASIS:    RETALIATION

        1.    The Respondent terminated my employment on January 5, 2004, in retaliation for making a complaint of unlawful discrimination.

    B.    PRIMA FACIE ALLEGATIONS

        1.    I was employed with the Respondent from July of 2003, until my termination on January 5, 2004. I was a painter.

        2.    I was the only African American working for the Respondent.

        3.    I performed my job in a satisfactory manner. On many occasions, I received compliments and praise about my painting skills and the quality of my work.

        4.    On or about October 2003, I observed in the men's bathroom at work the words "Hang the niggers" written on one of the bathroom stalls.

        5.    I was extremely upset and offended by this racial slur. I reported it to a woman named Jenny in the office who told me that the President, Lawrence Antos, was going to look into it.

        6.    I was later told by the Vice President/plant supervisor Dean that the company would find out who was responsible for the racial slur and that they would be gone meaning fired.

7. Respondent did not report the findings of its investigation to me.

8. On or about November 2003, the Respondent's plant closed for its annual winter shut-down at which time none of the plant employees work until after the New Year.

9. Prior to leaving for the break, I was told and assured by Jim Sturgel, the paint line foreman, and also the President, Lawrence Antos, that I would be back to work after the winter break. I was told to call on January 5, 2004.

10. On January 5, 2004, I called and spoke to Jim Sturgel. He told me that I was no longer needed and not to come back to work.

11. My termination followed my complaint within a short period of time, thus, raising an inference of retaliatory motivation. The reason given to me for my termination was pretextual.

12. The Respondent filled my position shortly after my termination.

13. As a result of unlawful retaliation by the Respondent, I have been caused to suffer economic and emotional suffering and other loss.

II. A. ISSUE/BASIS:   RACIAL HARRASSMENT/
                      HOSTILE WORK ENVIRONMENT

1. The Respondent, through its employees and agents, created a hostile work environment through their race-based words and actions.

B. PRIMA FACIE ALLEGATIONS

1. I was employed with the Respondent from July of 2003, until my termination on January 5, 2004. I was a painter.

2. I was the only African American working for the Respondent.

3. I was subjected to racial harassment that consisted of race-based comments and actions. The harassment consisted of the following:

   a. On or about October 2003, I observed in the men's bathroom at work the words "Hang the niggers" written on one of the bathroom stalls.

   b. On or about October 2003, my foreman, Jim Sturgel referred to me as being "colored." This happened when another coworker named Russell was present. Russell was talking about the fact that he had not had sex for several years. Jim made a comment directed at me: "But

2

        you colored guys aren't like that—you pack a lot, don't you?" or similar words to that effect.

    c.    On or about October 2003, Jim Sturgel made the comment o me "You're not like the other colored guys we know, you work hard."

4. I found the harassment offensive.

5. I reported the incident involving the racial slur in the bathroom to a woman named Jenny in the office who told me that the President, Lawrence Antos, was going to look into it.

6. I was later told by the Vice President/plant supervisor Dean that the company would find out who was responsible for the racial slur and that they would be gone meaning fired.

7. The Respondent did not report the findings of its investigation to me.

8. The racially offensive conduct created a hostile work environment.

9. As a result of racial harassment/hostile work environment, I have been caused to suffer economic and emotional suffering and other loss.

III.    A.    ISSUE/BASIS:    RACE DISCRIMINATION

1. The Respondent terminated my employment on January 5, 2004, because of my race.

B.    PRIMA FACIE ALLEGATIONS

1. I was employed with the Respondent from July of 2003, until my termination on January 5, 2004. I was a painter.

2. I was the only African American working for the Respondent.

3. I performed my job in a satisfactory manner. On many occasions, I received compliments and praise about my painting skills and the quality of my work.

4. On or about November 2003, the Respondent's plant closed for its annual winter shut-down at which time none of the plant employees work until after the New Year.

5. Prior to leaving for the break, I was told and assured by Jim Sturgel, the paint line foreman, and also the President, Lawrence Antos, that I would be back to work after the winter break. I was told to call on January 5, 2004.

6. On January 5, 2004, I called and spoke to Jim Sturgel. He told me that I was no longer needed and not to come back to work.

7. The Respondent filled my position shortly after my termination with a non-African American employee.

8. As a result of unlawful discrimination by the Respondent, I have been caused to suffer economic and emotional suffering and other loss.

Prepared by:
Patrick D. Coen
Attorney for Complainant
Militello, Zanck & Coen, P.C.
40 Brink Street
Crystal Lake, IL 60014
(815) 459-8800

4

# EXHIBIT B

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: Sherman Blair<br>123 Ellsworth<br>Crystal Lake, IL 60014 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

Certified Mail #7001 1970 0003 8824 6179

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2004-02499 | Sarronda Harris,<br>Investigator | (312) 886-9320 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   4/15/2008
John P. Rowe,                     (Date Mailed)
District Director

Enclosures(s)

cc: **MATHEWS COMPANY**

EXHIBIT
B